UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMAR BELL,

                               Plaintiff,         9:11-CV-0944
                                                         (DNH/TWD)

      -v-

MICKEAL F. HOGAN, Office of Mental Health;
DONALD SAWYER, Central New York Psychiatric
Center,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

AMAR BELL
Plaintiff, pro Se
218709
Westchester County Jail
P.O. Box 10
Valhalla, NY 10595

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I.    Introduction

Pro se plaintiff Amar Bell commenced this civil rights action in the United States District Court for the Southern District of New York. Dkt. No. 1. By his complaint, plaintiff claimed that he had been denied adequate mental health care during the years 2002 to 2008. Dkt. No. 1 at 2.[1] The complaint named the Commissioner of the New York State

---

[1] Plaintiff was confined in the Westchester County Jail when this action was commenced. On November 7, 2011, plaintiff notified the Clerk that his address had changed to Mid-Hudson Forensic

(continued...)

Office of Mental Health ("OMH"), and the Executive Director of Central New York Psychiatric Center ("CNYPC"), as defendants. Id. at 1-2. By Order of Southern District Chief Judge Loretta A. Preska filed July 20, 2011, this action was transferred to the Northern District of New York. Dkt. No. 3.

By Decision and Order filed November 16, 2011, plaintiff was directed to either pay the filing fee, or to submit a completed and signed in forma pauperis application if he wished to avoid dismissal of this action. Dkt. No. 12 (the "November Order"). Because it was expected plaintiff would comply with the filing fee requirements, it was deemed appropriate to review the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. On the basis of that review, it was concluded that any claims plaintiff might have against the defendants appeared to be time-barred because they were alleged to have arisen prior to May 25, 2008, the date on which the three year limitations period for this action began. See Dkt. No. 12 at 4-6.[2] It was also determined that the complaint failed to state a claim against the named defendants for the violation of plaintiff's Eighth Amendment right to proper and adequate mental health care, because plaintiff alleged only that his mental health providers (not named as defendants) were negligent and committed acts of medical malpractice, and because plaintiff did not allege facts which even suggested that the supervisory defendants were personally involved in the matters complained of for purposes of liability under § 1983. Id. at 6-7.

---

[1](...continued)
Psychiatric Center. Dkt. No. 11. By notice filed December 19, 2011, plaintiff advised that he is again confined in the Westchester County Jail. Dkt. No. 15.

[2] Plaintiff signed his complaint on May 25, 2011. Dkt. No. 1 at 9. The complaint is deemed to have been filed on that date for purposes of determining the applicable limitations period. Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993).

In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint setting forth a short and plain statement of the facts he relies on in support of his claims that the named defendants were deliberately indifferent to his serious mental health needs in violation of his Eighth Amendment rights and those claims are timely. Dkt. No. 12 at 8-9.

Plaintiff's in forma pauperis application and amended complaint are presently pending for consideration.

## II.  Filing fee requirements

Plaintiff has duly submitted a completed and signed application for in forma pauperis status. Dkt. No. 13.[3] Upon review, it is found that plaintiff has demonstrated sufficient economic need to proceed without prepayment of the filing fee.

## III.  Sufficiency of the amended complaint

In his amended complaint, plaintiff alleges that during the period 2001 through 2011, while under the care of the OMH, he engaged in acts of self-harm and suffered numerous cuts to his arms and legs. Dkt. No. 14 at 4. Plaintiff claims that his mental health needs were not deemed to be "serious" and that his life was in danger while under the care of "psychiatrist psychologist" at Downstate Correctional Facility, Auburn Correctional Facility, Elmira Correctional Facility, Attica Correctional Facility, and CNYPC. Id. As alleged in the amended complaint, plaintiff's mental health providers "showed medical malpractice and medical negligence." Id. at 4, 8. Plaintiff further alleges he was improperly confined in the

---

[3] A signed inmate authorization form was filed along with the original complaint and docketed as an attachment thereto. See Dkt. No. 1-1.

special housing unit as punishment for his mental illness. Id. at 7-8.[4] The sole defendant named in the amended complaint is OMH. Dkt. No. 14 at 1. Plaintiff seeks sixty million dollars in damages for "trauma, negligence, medical malpractice, depression, mental distress." Id. at 6. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

Upon review of the amended complaint, it is found that plaintiff has not demonstrated that this action was timely filed. Plaintiff does not claim that he faced "extraordinary circumstances" which prevented him from timely filing this lawsuit or that he acted with reasonable diligence throughout the period which he seeks to toll so as to invoke the doctrine of equitable estoppel. There is, moreover, no showing that the continuing violation doctrine is applicable to his claims. See Dkt. No. 12 at 5-6. Rather, plaintiff merely alleges in his amended complaint that the misconduct complained of occurred during the period 2002 through 2011, rather than 2008 as alleged in the original complaint. See Dkt. No. 14 at 4. However, because the claims asserted in the amended complaint arose during plaintiff's confinement at various DOCCS facilities and/or at CNYPC, and because plaintiff was released from DOCCS custody in February 2008, this conclusory allegation is patently insufficient to bring his claims within the applicable limitations period.

It has also considered whether the allegations of the amended complaint state a cognizable claim for the violation of plaintiff's Eighth Amendment right to proper and adequate mental health care. For all of the reasons set forth in the November Order, the

---

[4] Plaintiff was released on parole from DOCCS custody on February 4, 2008. See http://nysdocslookup.docs.state.ny.us/. As alleged in the original complaint, plaintiff was then admitted to Creedmoor Psychiatric Center. Dkt. No. 1 at 3.

4

allegations described above, which do not differ in any material respect from those in the original complaint, are not sufficient. See Dkt. No. 12 at 6-7. In addition, OMH, the only defendant named in the amended complaint, is absolutely immune from liability for money damages on plaintiff's claims. See Gollomp v. Spitzer, 568 F.3d 355, 365–66 (2d Cir. 2009) (holding that Eleventh Amendment immunity precludes a plaintiff from seeking any relief against states and state agencies—including monetary and injunctive relief).

Finally, a third pleading is not likely to cure the deficiencies in plaintiff' prior pleadings so as to survive the scrutiny required under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Although plaintiff has recently advised that he "would like to add more defendants to my case," see Dkt. No. 12, the naming of one or more individual defendants will not alter the conclusions regarding the timeliness of this action nor the sufficiency of plaintiff's Eighth Amendment claims.

Accordingly, this action will be dismissed. This dismissal is not an adjudication on the merits and is without prejudice.

Therefore it is

ORDERED that

1. This action is DISMISSED due to plaintiff's failure to comply with the November Order and failure to file an amended complaint which states a claim upon which relief may be granted, see 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A;

2. Plaintiff's application for in forma pauperis status, Dkt. No. 13, is DENIED as moot; and

3. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 14, 2012
       Utica, New York.